1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KOSNETT LAW FIRM**
LOUIS V. KOSNETT SBN 299421
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA 90025
Telephone (310) 445-5900
Facsimile (424) 238-2257

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

 M. H., a minor, by and through his guardian ad litem Lizbeth Zamora,

      Plaintiff

    v.

MONTESSORI SCHOOL AT WASHINGTON AVENUE, INC., a California corporation; PAMELA ZELL RIGG, an individual; DOES 1-10, inclusive,

      Defendants.

Case No:   3:21-cv-04558-WHO

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LOUIS V. KOSNETT, ESQ.**

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, by counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(a)), moves the court to enter its order granting plaintiff leave to file a first amended complaint in the above action, based on the following grounds:

1.    More than 21 days have elapsed since defendant filed a pleading in response to plaintiff's complaint, i.e., Defendants' Notice of Removal, thus necessitating leave of

the court for Plaintiff to amend his pleading.

2.      At the time plaintiff filed his complaint, information available to plaintiff suggested that a cause of action for Violation of the American Disabilities Act (an "ADA Action") was necessary.

3.      Since such time, it has become clear that an ADA Action is not necessary to accomplish the goals of litigation, or pursue Plaintiff's rights and remedies by law.

4.      Further, Plaintiff's mother, Lizbeth Zamora ("Zamora") wishes to bring an action for Breach of Contract against Defendant MONTESSORI SCHOOL AT WASHINGTON AVENUE, INC in the present action.

5.      Based on the above newly discovered facts and theories, Plaintiff desires to file a first amended complaint including such new matter, a copy of which first amended complaint is attached as Exhibit A.

6. The newly discovered facts and theories contained in plaintiff's proposed first amended complaint are necessary to enable Plaintiff M.H. and new proposed Plaintiff Zamora to establish their causes of action against Defendants, and therefore the requested amendment will achieve the ends of justice.

7.      This motion to amend is not the result of undue delay, bad faith, or dilatory motive on the part of plaintiff.

8.      Since discovery remains open and no trial date has yet been scheduled, defendant will not be unduly prejudiced by plaintiff filing a first amended complaint as above set forth.

9.      Concurrence in the relief sought by this motion was requested of opposing counsel, but was either denied or not acquiesced in, thus necessitating this motion.

10.     In the event this Court grants Plaintiff's Motion for Leave to Amend the Complaint, Plaintiff thereafter moves the Court to exercise its discretion to remand the matter, based on lack of subject matter jurisdiction.

11.     The proposed First Amended Complaint is filed concurrently herewith, and

1  incorporated by reference.

2

3  Dated:  April 13, 2022                    **KOSNETT LAW FIRM**

4

5                                             *Louis V. Kosnett*

6                                            **LOUIS V. KOSNETT**
                                             Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             3

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      INTRODUCTION AND STATEMENT OF FACTS

On May 7, 2021, Plaintiff M.H., a minor, by and through his guardian ad litem Lizbeth Zamora [Plaintiff's mother], filed its Complaint in Alameda County Superior Court against Defendants MONTESSORI SCHOOL AT WASHINGTON AVENUE, INC. ("Montessori") and its proprietor PAMELA ZELL RIGG ("Rigg") (collectively "Defendants"), alleging causes of action for Discrimination in Violation of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.); Violation of California Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53); Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress, against Defendants.

On June 14, 2021, Defendants filed their Notice of Removal, removing the matter to the Northern District Court, on the authority provided by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, based on the allegation that Plaintiff filed a civil rights action, specifically "discrimination claims based on violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (Pltf's Compl. 3:19-28, 4:1-21)." *See Notice of Removal, Docket No. 1, pp. 3-4.*

Now, Plaintiff wishes to proceed on his claims pursuant to the Unruh Act only, as the facts indicate that the violation(s) complained of were intentional, which are encompassed by the Unruh Act, Civil Code § 51, et seq (see *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc*., 742 F.3d 414, 425 (9th Cir. 2014), as well as, in the alternative, "practices and policies that apply equally to all persons" (*Id.*) as would be actionable under the ADA.

In addition, Plaintiff's mother, Lizbeth Zamora, wishes to join the matter as an additional plaintiff, to assert a cause of action for Breach of Contract against Defendants.

Between January 24, 2022 and February 16, 2022, Plaintiff's counsel and Defendants' counsel conferred at length with regard to filing a Motion to Amend the operative Complaint to exclude the ADA Cause of Action.  Unfortunately, no accord could be reached in this regard, with Defendant's counsel ultimately emailing Plaintiff's counsel on February 16, 2022, stating in part:  "…as to amendments to drop the federal ADA claim, Defendant will oppose any amended pleading that's intended to avoid federal jurisdiction."  *See email attached as Exhibit 1 to Declaration of Louis V. Kosnett* (hereinafter "Kosnett Decl."), attached hereto.

Accordingly, it is necessary to seek judicial leave to file a First Amended Complaint.

II.     ARGUMENT

*A. Leave Should Be Granted To Amend the Complaint.*

1. Leave Is Freely Granted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); see, e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have

been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); see also Moore, 3-15 Moore's Federal Practice - Civil 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, 833 F.2d at 186. None of these factors are present here.

### B.   Amendment Should Be Permitted

Here, Plaintiff requests that the Complaint be amended as follows:

1)   To add Plaintiff's mother, Lizbeth Zamora as a plaintiff;

2)   To add a Cause of Action for Breach of Contract by Zamora against Defendants;

3)   To add a Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing by Zamora against Defendants;

4)   To delete the ADA Cause of Action;

5)   To amend the Unruh Act Cause of Action to avoid reference to the ADA Cause of Action which is now deleted;

It would be manifest injustice not to allow all issues raised by the facts to be tried on the merit.

There is no evidence of bad faith or dilatory motive on the part of Plaintiff. There have been no amendments made to the complaint as of this time, and the issue was presented to counsel with substantial meet and confer efforts.  There is no trial date, no discovery exchanged.  The need for these amendments was discovered by Plaintiff's further investigation and exploration of claims.

6

If the amendment is not allowed, both Plaintiff and Zamora will suffer severe and undue prejudice in not being allowed to raise the entirety of their claims at this time, or most likely at all.  If the Motion is denied, Zamora will be forced to file a separate action to assert her Cause of Action for Breach of Contract, resulting in duplication of judicial and party resources, and undue time, expense, and burden.

With regard to the remaining general amendments, Plaintiff intends to dismiss the ADA Cause of Action as duplicative of the Unruh Act Cause of Action.  It seems apparent that **dismissal** of a cause of action asserted against Defendants will not unduly prejudice Defendants in any way.

This is not a case where trial has commenced or the orderly and efficient conduct of the case will be impaired, as trial has not been set, and there are no upcoming deadlines or hearings.  In short, the case is in its infancy.  Prejudice to Defendants is therefore nonexistent.

In sum, Plaintiff's proposed Amended Complaint is filed timely and in good faith, contains claims similar to and arising from the same series of events as those originally asserted and does not prejudice Defendants. Consequently, none of the factors on which courts based denial of motions for leave to amend are present here. Thus, Plaintiff's motion for leave should be granted.

*c.      If Leave to Amend is Granted, then Upon Filing the First Amended Complaint, the Court Should Exercise its Discretion to Remand the Matter to State Court.*

Federal courts are courts of limited jurisdiction. K*okkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be removed to federal court when the case could have

originally been brought in federal court. 28 U.S.C. § 1441; see *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); see also *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. A case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 13 (1983); see also *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). "When a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); see also *ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont.*, 213 U.S. 1108, 1114 (9th Cir. 2000).

8

In this matter, in the event the Court grants Plaintiff's motion for leave to amend the Complaint, Plaintiff moves the Court to exercise its discretion to remand the matter to State Court, where it originated, for lack of subject matter jurisdiction.

It is well-settled law that a cause of action under the Unruh Act does not create federal jurisdiction. As amended, the face of Plaintiff's First Amended Complaint does not include or affirmatively allege a claim under federal law as a separate cause of action. See *Caterpillar*, 482 U.S. at 392 (noting that federal-question jurisdiction exists only when a federal question is presented on the face of "[a] properly pleaded complaint" and "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). *Easton, supra.* As amended, Plaintiff's first cause of action exclusively relies on the Unruh Act, while seeking injunctive relief and damages. While section 51(f) of the Unruh Act states that a violation of the ADA constitutes a violation of the Unruh Act, section 51(b) guarantees specific rights to persons with disabilities and can serve as a basis for a claim independent of the ADA. *Munson v. Del Taco, Inc.,* 208 P.3d 623, 627 (Cal. 2009); *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012). Injunctive relief and damages are both available under the Unruh Act. See CAL. CIV. CODE § 51(b); *Turner v. Assoc. of Am. Med. Colls.*, 85 Cal. Rptr. 3d 94, 100 (Ct. App. 2008).

Although an ADA violation is an element of a claim under section 51(f) of the Unruh Act, it is not a necessary element as required for federal question jurisdiction. In *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002), the Ninth Circuit stated broadly that "[f]ederal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." As a result, district courts have frequently found that Unruh Act claims premised on ADA violations do not create federal question jurisdiction. See *Martinez v. Matrix Health Prod., Inc.*, Case No. ED CV 19-742 DOC (AGRx), 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) ("*Matrix Health*"); *Licea v. J&P Park Acquisitions, Inc.*, Case No. CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20,

2019) ("J&P"); *Rios v. Friendly Hills Bank*, Case No. CV 17-4582 BRO (JPR), 2017 WL 3530348, at *5 (C.D. Cal. Aug. 16, 2017) ("*Friendly Hills*"); *Rios v. CWGS Enterprises, LLC*, Case No. CV 17-3614 RSWL (AFMx), 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("*CWGS*"); *Pizarro v. CubeSmart*, Case No. CV 14-5106 FMO (PLAx), 2014 WL 3434335, at *2 (C.D. Cal. July 11, 2014); *Glover v. Borelli's Pizza, Inc.*, 886 F. Supp. 2d 1200, 1202 (S.D. Cal. 2012); *Carpenter v. Raintree Realty, LLC*, Case No. CV 11-6798 RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012); *Gunther v. Ralphs Grocery Co.*, Case No. CV 05-2243 GHK (PJWx), 2005 WL 3789582, at *2 (C.D. Cal. May 3, 2005).

Plaintiff recognizes that post-removal amendment of a complaint does not automatically deprive the Federal Court of jurisdiction.  However, once all federal claims are eliminated from an action, federal courts have discretion to either remand the action to state court or to exercise supplemental jurisdiction over the remaining pendent state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

A district court has discretion as to whether it will exercise supplemental jurisdiction over a claim when all claims over which it has original jurisdiction have been dismissed. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 940 (9th Cir. 2012). In particular, a federal court has discretion to remand remaining state-law claims to state court to best accommodate values of economy, convenience, fairness, and comity. See *Harrell*, 934 F.2d at 205 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)) (discussing district court's discretion to remand state-law claims). Of course, "primary responsibility for developing and applying state law rests with the state courts." *Curiel v. Barclays Capital Real Estate Inc.*, Civ. No. S–09–3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). "[I]n the usual case in which all federal-law claims are eliminated

before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs*., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing *Cohill*, 484 U.S. at 349).

Here, assuming amendment is permitted, plaintiffs' FAC contains only state law claims, and the court has yet to adjudicate any of plaintiffs' claims on the merits.  The case remains in its infancy, with no discovery exchanged, and no motion practice.  This is, essentially, a local matter, involving a claim by a 3 year-old child and his mother against the private preschool at which the child is a former pupil.  The factors of judicial economy, convenience, fairness, and comity, support remand of this action to the state court. See *Green*, 2010 WL 5059710, at *3 (declining to exercise supplemental jurisdiction over state law claims remaining after the dismissal of federal law claims that formed the basis for removal); *Camacho v. Windsor Capital Mortg. Corp*., 2010 WL 2926467, at *1 (S.D. Cal. July 23, 2010) (same).

IV. CONCLUSION

For the reasons discussed above, Plaintiff respectfully seeks leave of this Court to file the proposed Amended Complaint; if leave to Amend is so granted, Plaintiff requests that the First Amended Complaint attached to the instant motion be deemed the operative pleading, and that the Court exercise its discretion to remand the matter to state court.

DATED:       April 13, 2022              Respectfully submitted,


KOSNETT LAW FIRM


*Louis V. Kosnett*
_____

LOUIS V. KOSNETT

Attorneys for Plaintiff

MOTION TO AMEND COMPLAINT

# DECLARATION OF LOUIS V. KOSNETT

I, Louis V. Kosnett, Esq., declare as follows:

1.      I am an attorney duly licensed to practice in the Courts of the State of California.  I am an attorney of record for all Plaintiff M.H., and proposed additional Plaintiff Lizbeth Zamora ("Zamora") in this action, and make this declaration in support of Plaintiffs' Motion for Leave to File a First Amended Complaint.

2.      Following further investigation of this matter following the filing of this Complaint, and upon review of new information and documentation, it was determined that Zamora's complaint for Breach of Contract should be brought in the same action as that of her son, M.H.  It was also determined that this matter is not appropriate for federal jurisdiction, in light of M.H.'s ability to enforce his rights through application of the Unruh Civil Rights Act, Civil Code § 51, et seq (the "Unruh Act").

3.      At the time of filing the Complaint, Plaintiff believed that a cause of Action under the Americans With Disabilities Act was necessary to provide M.H. with a remedy. Further investigation has revealed that all remedies may be pursued through the Unruh Act.

4.      Plaintiff made efforts to seek a stipulation from Defendants' counsel, but after multiple meet and confer sessions, Defendants' counsel unequivocally refused to stipulate to amendment.  *See email communications, collectively attached as Exhibit A.*

MOTION TO AMEND COMPLAINT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and if called as a witness could competently so testify. Executed in Los Angeles, CA on April 13, 2022.


*Louis V. Kosnett*
_____
LOUIS V. KOSNETT

MOTION TO AMEND COMPLAINT

EXHIBIT A

**From:** Kurt A. Franklin kfranklin@hansonbridgett.com
**Subject:** RE: M.H. v. Montessori School, 3:21-cv-04558 CONFIDENTIAL: Settlement Communication (FRE 408)
**Date:** February 16, 2022 at 11:34 AM
**To:** Louis Kosnett louiskosnett@kosnettlaw.com
**Cc:** Michael E. Turner MTurner@hansonbridgett.com, Ann D. Ghiorso aghiorso@hansonbridgett.com



Hi Louis –

Thanks again for initiating yesterday's contact.  I met with my client this morning, and, this email confirms there is "no change" with respect to Defendant's position on Plaintiffs' first settlement offer.  There is no counter, and, Defendant does not plan to counter this offer.  Next, as to amendments to drop the federal ADA claim, Defendant will oppose any amended pleading that's intended to avoid federal jurisdiction.

Again, thanks for your professionalism in this case.  Your firm's continued professionalism is appreciated.

Kurt

---

**Kurt A. Franklin**
**Partner**
Hanson Bridgett LLP
(415) 995-5086 Direct
(415) 995-3482 Fax
kfranklin@hansonbridgett.com



1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596

San Francisco | Sacramento | North Bay | East Bay | Los Angeles



This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

---

**From:** Louis Kosnett <louiskosnett@kosnettlaw.com>
**Sent:** Monday, February 14, 2022 7:52 AM
**To:** Ann D. Ghiorso <aghiorso@hansonbridgett.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Subject:** [EXTERNAL] Re: M.H. v. Montessori School, 3:21-cv-04558

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Thank you for following up.  How about tomorrow at 11:30?


_____
**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM

11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257

This message, as well as any attached document, contains information from the Kosnett Law Firm that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

On Feb 14, 2022, at 6:31 AM, Ann D. Ghiorso <aghiorso@hansonbridgett.com> wrote:

Good morning,

I'm just following up on my email below.  Kurt is currently available tomorrow (Tuesday) after 10:30 a.m. and on Wednesday.  Thank you.

~~Ann

**From:** Ann D. Ghiorso
**Sent:** Thursday, February 10, 2022 5:33 PM
**To:** Louis Kosnett <louiskosnett@kosnettlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Subject:** RE: M.H. v. Montessori School, 3:21-cv-04558

Good evening,

Tuesday, February 15 and Wednesday, February 16 look fairly open for Kurt.  If you want to propose a time, one of us can send you a WebEx invite or you can provide us the telephone number you would like Kurt to call.

I'm off tomorrow (Friday) but will be in early on Monday.  Thank you.

~~Ann

**Ann D. Ghiorso**
**Legal Secretary**
Hanson Bridgett LLP
(415) 995-5129 Direct
(415) 541-9366 Fax
aghiorso@hansonbridgett.com



 

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** Kurt A. Franklin <kfranklin@hansonbridgett.com>

**Sent:** Thursday, February 10, 2022 1:43 PM
**To:** Louis Kosnett <louiskosnett@kosnettlaw.com>
**Cc:** Ann D. Ghiorso <aghiorso@hansonbridgett.com>
**Subject:** RE: M.H. v. Montessori School, 3:21-cv-04558

Hi Louis –

I just tried to return your call.  So we don't play phone tag, by assistant (Ann) can also help set up a meeting.

Kurt

---

**From:** Louis Kosnett <louiskosnett@kosnettlaw.com>
**Sent:** Thursday, February 10, 2022 10:13 AM
**To:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Subject:** [EXTERNAL] Re: M.H. v. Montessori School, 3:21-cv-04558

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Hi Kurt:

Just following up on this.  Also, I tried to call you, but I got a message saying the call could not go through.  Not sure if it's your phone or mine.

In any event, please call me when you get an opportunity - (424) 272-1651.


Thanks,



Louis


_____
**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257


This message, as well as any attached document, contains information from the Kosnett Law Firm that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

On Feb 3, 2022, at 8:25 AM, Louis Kosnett

<louiskosnett@kosnettlaw.com> wrote:

Hello Kurt:

Good talking to you the other day.  I have a settlement demand to discuss with you.  Can we set up a follow-up call?


Best,


Louis

_____
**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257


This message, as well as any attached document, contains information from the Kosnett Law Firm that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.


> On Jan 31, 2022, at 3:15 PM, Kurt A. Franklin <kfranklin@hansonbridgett.com> wrote:
>
> Did you want to call my direct dial?
>
> 415.995.5086
>
> **From:** Louis Kosnett <louiskosnett@kosnettlaw.com>
> **Sent:** Monday, January 31, 2022 2:50 PM
> **To:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
> **Cc:** Celia L. Guzman <CGuzman@hansonbridgett.com>; Ashley A. Marshall <AMarshall@hansonbridgett.com>; Ann D. Ghiorso <aghiorso@hansonbridgett.com>
> **Subject:** [EXTERNAL] Re: M.H. v. Montessori School, 3:21-cv-04558
>
> **EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.
>
> _____
>
> Sure.

**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257

This message, as well as any attached document, contains information from the Kosnett Law Firm that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

On Jan 31, 2022, at 2:48 PM, Kurt A. Franklin <kfranklin@hansonbridgett.com> wrote:

Louis –

My current call is running long.  Can we push back 15 minutes?

**From:** Louis Kosnett <louiskosnett@kosnettlaw.com>
**Sent:** Tuesday, January 25, 2022 9:50 AM
**To:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Cc:** Celia L. Guzman <CGuzman@hansonbridgett.com>; Ashley A. Marshall <AMarshall@hansonbridgett.com>; Ann D. Ghiorso <aghiorso@hansonbridgett.com>; Admin <admin@kosnettlaw.com>
**Subject:** [EXTERNAL] Re: M.H. v. Montessori School, 3:21-cv-04558

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Hi Kurt:

Thanks for your email.  Sorry about the lapse in communication.  John is moving to a new firm, so sometimes these things happen, as I'm sure you know.

Although I'm not necessarily averse to proceeding in federal court, and do believe this matter is appropriate for mediation (possibly early mediation), I am willing to dismiss the ADA COA with prejudice, with a mutual waiver of fees and

with prejudice, with a mutual waiver of fees and costs. The Plaintiff is not a "high frequency litigant" as defined by CCP 425.55, and this is not a construction-related accessibility matter, as you already know.

I am available 1/31, 2/1 at 3:00. Do either of those dates/times work for you?


Best,


Louis


_____

**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257


This message, as well as any attached document, contains information from the Kosnett Law Firm that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.


On Jan 25, 2022, at 9:35 AM, Kurt A. Franklin <kfranklin@hansonbridgett.com> wrote:

Hi Louis –

In reviewing the file, it appears that John asked about this in September. In return, we asked him if the planned dismissal was going to be with prejudice, as it would impact the advice we would give our client. His response was "yes" he'd dismiss the

ADA claim with prejudice, and that
he'd was going to file an
administrative motion seeking relief
from General Order 56.   But then in
October, it looks like the
communication from your office
stopped.   Is this MH's same position,
or has it changed?

If you want to get on the phone
Thursday between 11 a.m. and 1:30
pm, or between 2 and 4 p.m. to talk
about (a) the status of the
case/proposed dismissal, (b) issues
related to GO 56, (c) scheduling a
Rule 26(f) meeting, or (d) getting this
matter on track for a CMC before
Judge Orrick just let us know.
Otherwise, can you propose a few
times next week?

Kurt

**Kurt A. Franklin**
**Partner**
Hanson Bridgett LLP
(415) 995-5086 Direct
(415) 995-3482 Fax
kfranklin@hansonbridgett.com



1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596

San Francisco I Sacramento I North Bay I East Bay I Los Angeles



This communication, including any attachments, is
confidential and may be protected by privilege. If
you are not the intended recipient, any use,
dissemination, distribution, or copying of this
communication is strictly prohibited. If you have
received this communication in error, please
immediately notify the sender by telephone or
email, and permanently delete all copies, electronic
or other, you may have.

The foregoing applies even if this notice is
embedded in a message that is forwarded or
attached.

**From:** Louis Kosnett
<louiskosnett@kosnettlaw.com>
**Sent:** Monday, January 24, 2022 8:04
AM
**To:** Kurt A. Franklin
<kfranklin@hansonbridgett.com>;
Celia L. Guzman
<CGuzman@hansonbridgett.com>

**Subject:** [EXTERNAL] M.H. v.
Montessori School, 3:21-cv-04558

**EXTERNAL:** Use caution when
opening attachments, links or
responding to this e-mail.

---

Dear Mr. Franklin and Ms. Guzman:

I hope this email finds you well.  I will
be assuming responsibility for this
matter from former counsel John
Alexander.  Please remove Mr.
Alexander from all communications.

From my review of the case docket, it
appears there is no Rule 26(f)
conference currently on calendar.
Please confirm.

It is my present intention to dismiss the
1 federal - ADA cause of action, with a
waiver of potential fees and costs.
 Please let me know if you have any
objection.  If not, I will be sending a
Stipulation for Dismissal for your
review.

If you would like to discuss this issue,
or any other matter, kindly give me a
call at your earliest convenience.


Regards,


Louis


_____
**Louis V. Kosnett, Esq.**
KOSNETT LAW FIRM
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA. 90025
Phone:  (310) 445-5900
Fax:  (424) 238-2257


This message, as well as any
attached document, contains information from
the Kosnett Law Firm that is confidential
and privileged, or may contain attorney
work product. The information is intended

only for the use of the addressee
named above. If you are not the
intended recipient, you are hereby notified
that any disclosure, copying, or distribution
of this email or attached documents, or taking
any action in reliance on the contents of this
message or its attachments is strictly
prohibited, and may be unlawful. If you have
received this message in error, please
(1) immediately notify me by reply email, (2) do
not review, copy, save, forward, or print this
email or any of its attachments, and (3)
immediately delete and destroy this email, its
attachments and all copies thereof. Unintended
transmission does not constitute waiver of the
attorney-client privilege or any other privilege.