UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. H.,

    Plaintiff,

v.

MONTESSORI SCHOOL AT WASHINGTON AVENUE, INC., et al.,

    Defendants.

Case No. 3:21-cv-04558-WHO

**ORDER GRANTING MOTIONS FOR LEAVE TO AMEND AND REMAND**

Re: Dkt. No. 17

Plaintiff M.H., who is a young child and is proceeding by and through his mother, alleges disability discrimination and infliction of emotional distress against his pre-school and its director. He now seeks leave to amend the complaint to add his mother as a plaintiff, to add claims, and to remove a claim under the Americans with Disabilities Act ("ADA"). Once that claim is omitted, he moves to remand the remaining claims to state court. Oral argument is unnecessary and the hearing on the motions is VACATED. *See* Civ. L.R. 7-1(b). Both motions are GRANTED and the case is REMANDED.

## BACKGROUND

M.H. was three-years old during the events of this case. *See* Complaint ("Compl.") [Dkt. No. 1-1] ¶ 9. Putative plaintiff Lisbeth Zamora is his mother and guardian ad litem. *Id.* ¶ 2. In August 2020, M.H. enrolled at defendant Montessori School at Washington Avenue, Inc. ("the School"). *Id.* ¶ 11. Defendant Pamela Zell Rigg was director of the School. *Id.* ¶ 4.

According to the complaint, M.H. has been "diagnosed with a speech delay" and his parents had concerns about his "speech and socialization skills." *Id.* ¶ 12. Zamora informed the School of this in September 2020. *Id.* In October 2020, M.H.'s teacher informed Zamora that

1   M.H. "was not socializing or communicating much, but that it was too early to raise concerns
2   about any disability that M.H. might suffer from." *Id.* ¶ 13.  In December 2020, the teacher said
3   that M.H. was improving and the School was working on his speech. *Id.* ¶ 14.  In February 2021,
4   a school administrator expressed concerns to Zamora about M.H.'s speech and development and
5   asked for him to be evaluated. *Id.* ¶ 15.  About a week later, that administrator informed Zamora
6   that "would not accommodate M.H.'s needs, and that M.H. would be forced out of the School on
7   February 26, 2021." *Id.* ¶ 16.  Rigg confirmed this in an email several days later. *Id.* ¶ 17.

8   M.H., through Zamora, filed suit in the Superior Court of the State of California for the
9   County of Alameda in May 2021.  The complaint alleged (1) violation of the Americans with
10  Disabilities Act ("ADA"), (2) violation of California's Unruh Civil Rights Act, (3) negligent
11  infliction of emotional distress, and (4) intentional infliction of emotional distress.  The School
12  and Rigg removed the case to this court in June 2021, predicated on federal question jurisdiction.
13  Notice of Removal ("Not.") [Dkt. No. 1].

**LEGAL STANDARD**

### I.    MOTION FOR LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  Courts generally weigh the following factors to determine whether leave should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).  Prejudice "carries the greatest weight," but in the absence of prejudice or other factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### II.   MOTION TO REMAND BASED ON SUPPLEMENTAL JURISDICTION

28 U.S.C. § 1367 governs the exercise of supplemental jurisdiction over state law claims in a suit involving federal claims.  In general, when district courts have original jurisdiction over civil actions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy." 28 U.S.C. § 1367(a). Subsection (c) lists four situations in which a district court may decline to exercise supplemental jurisdiction over state law claims:

1. The claim raises a novel or complex issue of state law,

2. The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

3. The district court has dismissed all claims over which it has original jurisdiction, or

4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). If a district court declines to exercise supplemental jurisdiction, it may dismiss or remand the state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009).

**DISCUSSION**

M.H. moves for leave to file an amended complaint and to remand the case once the complaint is amended. *See generally* Motion for Leave to File First Amended Complaint and to Remand ("Mot.") [Dkt. No. 17]. While he seeks to make several changes to the complaint, the most important one is removing the ADA claim. Once the ADA claim is no longer in the case, only state-law claims would remain. And once that is so, M.H. urges, the case should be remanded. As explained above, the questions whether to grant leave to amend and whether to remand are distinct. But here the parties' dispute about whether to permit amendment really comes down to whether remand is appropriate. I discuss the issues together.

M.H.'s proposed First Amended Complaint (Dkt. No. 17-1) makes several types of changes. First, it would add Zamora as a plaintiff and add claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See* Mot. 6. Second, it would delete the ADA claim (and remove language in the Unruh Act claim that references the ADA claim). *Id.* The defendants do not make any argument against adding Zamora and her claims. *See generally* Opposition to the Mot. ("Oppo.") [Dkt. No. 19]. Even if they did, this sort of amendment would be permitted in the normal course based on the presumption that leave should be granted and the lack of any countervailing factor. *See Eminence*, 316 F.3d at 1052.

3

The parties' real dispute is whether M.H. can delete the ADA claim and, if so, whether I should then decline supplemental jurisdiction. For the reasons that follow, I grant the motion for leave to amend, I will treat the proposed First Amended Complaint as a filed operative complaint, I decline supplemental jurisdiction over what remains of the case, and I grant the motion to remand.

The traditional factors favor permitting amendment to omit the ADA claim. Most significantly, there is no cognizable prejudice to the defendants. *See Eminence*, 316 F.3d at 1052 (holding that prejudice "carries the greatest weight"). Indeed, omitting the ADA claim *narrows* the scope of their liability by removing a potentially viable claim from the case. The only reason that the defendants oppose amendment is that they wish the case to remain in federal court. *See* Oppo. 7–10. But they have not pointed to any concrete reason for this choice that would show cognizable prejudice; federal courts and state courts are both presumptively competent to adjudicate claims within their jurisdiction. And the "plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If M.H. had wanted to, he could have made the choice to file this case without an ADA claim originally to stay in state court. *See Caterpillar*, 482 U.S. at 392. That he has chosen to do so only a little while later—before anything of substance has happened in the case— is not of much moment. The tradeoff is that M.H. is foregoing a potential claim for relief, but that is his tradeoff to make. And this all is part of why—as I will discuss momentarily—the supplemental jurisdiction statute explicitly gives district courts discretion to remand state-law claims once there are no remaining federal claims.

The other amendment factors favor M.H. as well. There is no indication of "bad faith." *W. States*, 715 F.3d at 738. The defendants' counterargument on this factor is duplicative of their argument about prejudice, so I reject it for the reasons explained above. And anyway, it is no more in bad faith for M.H. to want to litigate in state court than for the defendants to want to litigate in federal court; each is presumably making a strategic choice. This is not, as the defendants wish to present it, a situation akin to "fraudulent joinder," in which a plaintiff uses an

improper tactic to thwart federal jurisdiction. *See* Oppo. 8 & n.33. Here, unlike that circumstance, it is within M.H.'s power to choose which claims to pursue and which to not pursue and it is fully appropriate for him to do so. There has also been no "undue delay." *W. States*, 715 F.3d at 738. Though nearly a year has passed since removal, there has been no motion practice in the intervening time and the defendants have not pointed to anything else that has occurred that demonstrates this motion was dilatory. Amendment would not be "futile," *see id.*, and the defendants do not contend otherwise. And M.H. has not previously amended the complaint. *See id.* Consequently, the motion for leave to amend is granted. For purposes of efficiency, I will treat the proposed First Amended Complaint (Dkt. No. 17-1) as if it were an operative, filed complaint.

With the ADA claim out of the case, I will decline supplemental jurisdiction over the remaining state-law claims. The supplemental jurisdiction statute explicitly grants district courts authority to do so in these circumstances. *See* 28 U.S.C. § 1367(c).[1] This determination is "purely discretionary." *Carlsbad*, 556 U.S. at 639. In making it, courts should consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, this is not a close question: "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* n.7. This case is long before trial— indeed, no judicial rulings have yet been made in it.

The defendants' primary counterargument is really just a variation of the argument they made about leave to amend: That it is unfair to permit M.H. to avoid federal jurisdiction in this way. For the reasons explained, I disagree.

Next, the defendants argue that declining supplemental jurisdiction is improper because a violation of the Unruh Act is proved "through" a violation of the ADA. Oppo. 8–9. That mischaracterizes the relationship between the two statutes and misunderstands its import. It is true

---

[1] The only source of subject matter jurisdiction asserted in this case was federal question jurisdiction based on the ADA claim. *See* Not. at 3–4 (discussing basis of jurisdiction).

5

1    that violations of the Unruh Act and ADA are often "coextensive" and that "[a]ny violation of the
2    ADA necessarily constitutes a violation of the Unruh Act." *Molski v. M.J. Cable, Inc.*, 481 F.3d
3    724, 731 (9th Cir. 2007). But that does not mean that the Unruh Act claim is *derivative* of the
4    ADA claim or necessarily depends on it; it just means that "litigants in federal court in California
5    often pair state Unruh Act claims with federal ADA claims." *Id.* And even if this were not so,
6    "the mere presence of a federal issue in a state cause of action does not automatically confer
7    federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).
8    The issue of federal law must instead be a "necessary element" of one of the state claims, *id.*,
9    which is not the case with the ADA claim.[2]

The defendants also point to cases holding that "a plaintiff may not *compel* remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (emphasis added). Here, I do not hold that I am *compelled* to remand for lack of removal jurisdiction, I simply discretionarily decline supplemental jurisdiction—a situation cases like *Sparta* do not affect.

Last, the defendants argue that they "may have grounds for a second removal" because the plaintiffs reference efforts to develop an "individual education plan," which the defendants argue is governed by federal statute. *See* Oppo. 9. They have not adequately shown that any federal claim remains in the case that would prevent remand. Again, the mere involvement of a federal *issue* is not enough to create federal question jurisdiction. *Merrell Dow*, 478 U.S. at 813. The

---

[2] *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), on which the defendants rely, is not to the contrary. There, the Ninth Circuit held that the district court abused its discretion in declining supplemental jurisdiction over an Unruh Act claim *after* it granted summary judgment to the plaintiff on the ADA claim, which dictated the outcome of the Unruh Act claim. *Arroyo*, 19 F.4th at 1214. Because of that summary-judgment ruling, the court explained, judicial economy and convenience favored retaining jurisdiction over the Unruh Act claim and comity did not overcome them. *Id.* at 1214–16. As explained, this case is still at the pleadings stage and no determinations about any aspect of it have been made. And declining jurisdiction here, unlike in *Arroyo*, is based on the explicit provision permitting it in these circumstances, not on the catchall provision.

federal claims are gone from the suit; the only question now is what to do with the state claims. For the reasons explained, I decline supplemental jurisdiction over them.

## CONCLUSION

The motion for leave to file an amended complaint is GRANTED. The proposed amended complaint (Dkt. No. 17-1) is deemed the operative complaint. The motion to remand is GRANTED. This case is REMANDED to the Superior Court of the State of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: May 12, 2022



William H. Orrick
United States District Judge

7